Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL MCCLAIN, on behalf of himself and others similarly situated, | Case No. |
| Plaintiff, | **COMPLAINT FOR INJUNCTION AND DAMAGES** |
| v. | |
| | **Class Action** |
| NEW STRATA INC. d/b/a FIVE STRATA | |
| | **JURY TRIAL DEMAND** |
| Defendant. | |

Plaintiff Marshall McClain ("Plaintiff") by his undersigned counsel, for this class action complaint against Defendant New Strata Inc. d/b/a Five Strata ("Defendant") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I.    INTRODUCTION

1.    <u>Nature of Action</u>: As the Fourth Circuit Court of Appeals has explained, "[t]elemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone

records. Faced with growing public criticism of abusive telephone marketing practices, Congress

enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394

(1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to

Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights,

public safety interests, and commercial freedoms' *id.* § 2(9)"

       2.      "The law opted for a consumer-driven process that would allow objecting

individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an

abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . .

initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is

on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either

monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision

designed to achieve a straightforward result. Congress enacted the law to protect against

invasions of privacy that were harming people.  The law empowers each person to protect his

own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA

affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon

their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Moreover, As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

4.      Plaintiff brings this action under the TCPA alleging that Defendant sent telemarketing calls promoting their goods and services, including to individuals who were on the National Do Not Call Registry. Such calls were made without the call recipient's prior express written consent.  Plaintiff also alleges that Defendant marketed its services through the use of pre-recorded telemarketing calls.

5.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

6.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure

## II.      PARTIES

7.      Plaintiff is an individual who resides in Harford County, Maryland

8.      Defendant is a corporation headquartered in Walnut Creek, Contra Costa County, California which is located in this District.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    JURISDICTION AND VENUE

9.    <u>Jurisdiction</u>: This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

10.    <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over the Defendant because they are headquartered in this District.

11.    <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims—namely, the sending of the illegal telemarketing by Defendant—occurred from this District.

12.    <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff' claims—namely, the direction of the illegal telemarketing—occurred from this Division.

### IV.    FACTS

**A.    The Enactment of the TCPA and its Regulations**

<u>The National Do Not Call Registry:</u>

13.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Robocalls Outlawed:

16.    Enacted in 1991, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1). Calls made by an ATDS or with a prerecorded or artificial voice are referred to as "robocalls" by the Federal Communications Commission ("FCC") and herein. Encouraging people to hold robocallers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

17.    In enacting the TCPA, Congress found: "Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 § 2(10). Congress continued: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* § 2(12).

18.    The TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

19.    The FCC has made clear that "prior express written consent" is required before making telemarketing robocalls to wireless numbers. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written

agreement must be obtained without requiring, directly or indirectly, that
the agreement be executed as a condition of purchasing any good or
service.

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of*

*1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted) (internal quotation marks

omitted).

**B.    Defendant's Unsolicited, Automated Telemarketing to Plaintiff**

20.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by

47 U.S.C. § 153(39).

21.    Plaintiff's telephone number is (443) 409-XXXX.

22.    That number is assigned to a cellular telephone service.

23.    That number the Plaintiff's residential telephone number.

24.    That number is not associated with a business and is used for personal purposes.

25.    That number has been on the National Do Not Call Registry since October 24,

2024.

26.    Plaintiff never consented to receive calls from Defendant.

27.    Despite this, Defendant called Plaintiff's cellular telephone number on June 11,

June 17, July 31 and August 1, 2025, well over thirty-one days after Plaintiff's number was

registered on the National Do Not Call Registry.

28.    Defendant left four prerecorded voicemails for Plaintiff.

29.    The prerecorded voicemails were identical and each stated:

*Singular beep noise*

Hi this is Matt calling on behalf of Superior Home.  How are you today?

*Pause*

Hey so I'm not sure if you can actually hear me but if you can my name is Matt and I
am with Superior Home and if you are still interested and would like to talk to us about that
replacing your home windows then go ahead and call us back at 949-223-6402 and if you are
no longer interested or if you would like to put your number on that DNC list then call this
number and that's 916-345-1825.

30.     The calls were clearly pre-recorded because (a) they had a long pause before the recorded message began playing and a pause after asking the question, "how are you today?" (b) all four messages were identical length and tone; and (c) the robot had a generic, monotone voice.

31.     The calls were intended to promoted to advertise Defendant's business.

**C.     The Nuisance Created by Defendant's Automated Telemarketing**

32.     The telemarketing alleged herein: (A) invaded Plaintiff's privacy and solitude; (B) wasted Plaintiff's time; (C) annoyed Plaintiff; (D) tied up Plaintiff's phone line; and (E) harassed Plaintiff.

## V.    CLASS ACTION ALLEGATIONS

33.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein

34.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

35.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from four years prior to the filing of the case through the date of class certification.

**Pre-Record Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone (3) from or on behalf of Defendant, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

36.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37.     The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Classes as he has no interests that conflict with any of the class members.

38.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

39.     This Class Action Complaint seeks injunctive relief and money damages.

40.     The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

41.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each Class.

42.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

43.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

44.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

45.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

a.   Whether Defendant made telemarketing calls to numbers on the National Do Not Call Registry;

b.   whether a pre-recorded message was used to send calls;

c.  whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the call;

d.  whether Defendant's conduct constitutes a violation of the TCPA; and

e.  whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

46. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

47. Plaintiff repeats and incorporates the prior allegations as if fully set forth herein.

48. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

49. The Defendant's violations were negligent, willful, or knowing.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION
### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. 227, et seq.) on behalf of the Robocall Class

52.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

53.    The Defendant violated the TCPA by or causing to be sent via pre-recorded calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

54.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

55.    The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

56.    Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Motive from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

B.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the Classes as the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

C.      Such other relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff requests a jury trial as to all claims of the complaint so triable.


RESPECTFULLY SUBMITTED AND DATED this 5th day of September, 2025.


                        _/s/ Dana J. Oliver___
                        Dana J. Oliver, Esq. (SBN: 291082)
                        dana@danaoliverlaw.com
                        OLIVER LAW CENTER, INC.
                        8780 19th Street #559
                        Rancho Cucamonga, CA 91701
                        Telephone:  (855)384-3262
                        Facsimile:  (888)570-2021

                        *Attorney for Plaintiff and the Proposed Class*